IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANKIE WAYNE POPE,                    :
                                       :
            **Plaintiff,**              :
                                       :    **Case No. 5:23-cv-00297-MTT-CHW**
      v.                                :
                                       :
HOUSTON COUNTY SHERIFF'S               :
DEPARTMENT, *et al.*,                   :
                                       :    **Proceedings Under 42 U.S.C. §1983**
            **Defendants.**             :    **Before the U. S. Magistrate Judge**
                                       :

_____

## ORDER

*Pro se* Plaintiff Frankie Wayne Pope, an inmate in the Houston County Detention

Center in Perry, Georgia, filed a pleading that has been docketed as a 42 U.S.C. § 1983

complaint.   ECF No. 1.

Plaintiff has not paid the filing fee or requested leave to proceed without prepayment

of the filing fee.   To proceed, Plaintiff must either pay the $402.00 filing fee or, if indigent,

file a motion to proceed *in forma pauperis* with the required statutory supporting

documentation.   A prisoner seeking to proceed *in forma pauperis* must submit (1) an

affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund

account statement (or institutional equivalent) . . . for the 6-month period immediately

preceding the filing of the complaint."   28 U.S.C. § 1915(a)(1)-(2).   Plaintiff is further

advised that even if he is allowed to proceed *in forma pauperis*, he may be obligated to

initially pay a partial filing fee and then money will be deducted from his account until the

filing fee ($350.00) is paid in full. Thus, if allowed to proceed *in forma pauperis*, a Plaintiff

must nevertheless pay the full amount of the filing fee in installments based on funds in the prisoner's account even if the Plaintiff's complaint (or any part thereof) is dismissed. 28 U.S.C. § 1915(b).

## MOTION TO SUBPOENA RECORDS

Plaintiff has filed a motion to subpoena records.  ECF No. 7.  Nothing in the Federal Rules of Civil Procedure requires the Court to grant Plaintiff's request to produce evidence and to issue summons prior to the Court's determination that the Plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A and that Plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. July 2, 2013).  Therefore, Plaintiff's "motion to subpoena witness/records" (ECF No. 7) is **DENIED** as premature.   If the Court later determines that any of Plaintiff's claims will be permitted to proceed for further factual development, Plaintiff will then be provided guidance on commencing discovery.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Plaintiff has filed a civil rights complaint without using the Court's standard form for such complaints.  *See* ECF No. 1.  Within just a few weeks of filing his complaint, Plaintiff has filed numerous addendums and

motions that have either restated his allegations or have raised additional claims. *See* ECF Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14. The Federal Rules of Civil Procedure provide that a party may amend his pleading only once as a matter of course prior to service. Fed. R. Civ. P. 15(a). Plaintiff's filing of supplemental pleadings, amendments, and motions not only violates Rule 15, but also impedes the Court's ability to conduct a 28 U.S.C. § 1915 review of this action and his request for a temporary restraining order (ECF No. 5).

Moreover, Plaintiff's original complaint and the amendments to that complaint are a rambling and incoherent catalogue of entirely separate events from various dates, asserting unrelated claims often without attributing the allegations to specific named Defendants. *See* ECF Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14. Plaintiff's numerous unrelated claims are improperly joined into this single civil action in violation of Rule 20 of the Federal Rules of Civil Procedure. A plaintiff may join defendants in one action only if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common

operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).   Just because alleged events occur in one prison or jail does not necessarily make claims about those allegations related under Rule 20.   *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . .".

Lastly, Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."   Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances.   In short, Plaintiff's civil action is a typical shotgun pleading.   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).   "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both."   *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022).   In such a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief".   *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d

364, 366 (11th Cir.1996).   "Such pleadings divert already stretched judicial resources into

disputes that are not structurally prepared to use those resources efficiently."   *Wagner v.*

*First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006).

The leniency afforded to *pro se* litigants does not permit them to file an

impermissible shotgun pleading.   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792

F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).   The Eleventh Circuit has

repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of

the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V*., 598

F.3d 802, 806 n. 4 (11th Cir. 2010).   Indeed, shotgun pleadings require the Court to sift

through rambling allegations to separate the meritorious from the unmeritorious claims,

which results in a "massive waste of judicial and private resources."   *Id*. (citation omitted).

The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable

form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds &*

*Kellogg Corp*., 305 F.3d 1293, 1296 (11th Cir. 2002).

It is not incumbent upon the Court to re-write Plaintiff's complaint so that it

complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim for

which relief may be granted.   *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369

(11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se

litigants not enjoyed by those with the benefit of a legal education," a court may not "serve

as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to

sustain an action").   Rather than recommending dismissal of this shotgun complaint

outright, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Plaintiff must submit a recast complaint if he wishes to proceed.   The complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his current incarceration, as he appears to have done with all his prior pleadings.   If Plaintiff wishes to pursue unrelated claims regarding his fears for his physical safety, his medical needs, his stolen mail, and so forth, these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number.   The filing fee must also be addressed properly in each new civil action.

When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

    (1)    What did this Defendant do (or not do) to violate your rights?   What was the extent of this Defendant's role in the unconstitutional conduct?

(2)     Is the Defendant a supervisory official and if so, was he/she personally

        involved in the constitutional violation?[1]   If not, how did his/her actions

        otherwise cause the unconstitutional action?   How do you know?

(3)     When and where did each action occur (to the extent memory allows)?

(4)     How were you injured because of this Defendant's actions or inactions?

(5)     What relief do you seek from this Defendant?

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983

unless otherwise specified.  *See* Fed. R. Civ. P. 8.   Plaintiff should not otherwise use legal

terminology or cite any specific statute or case law.   Additionally, Plaintiff should state

his claims as simply as possible, referring only to the relevant allegations against the named

defendants in this case.   If Plaintiff fails to link a named Defendant to a claim, the claim

will be dismissed.   If Plaintiff makes no allegations in the body of his complaint against a

named Defendant, that Defendant will be dismissed.   If Plaintiff raises unrelated claims

under the same civil action number, the unrelated claims may be dismissed, or in the

alternative, this entire civil action may be dismissed for failure to follow an order of the

Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802,

802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for

---

[1] Supervisors such as Sheriffs and Jail Captains are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

…. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff's amended complaint pursuant to this order will take the place of his original complaint and his supplemental pleadings.   In other words, the Court will not refer to the original complaint or any of Plaintiff's previous amendments to see if Plaintiff has stated a viable claim.

The recast complaint must be submitted on the Court's standard form for § 1983 complaints.   Plaintiff is to thoroughly and completely answer each question presented in the standard complaint form including but not limited to his exhaustion of his administrative remedies such as the filing of grievances and providing a list of his previous federal lawsuits.   Plaintiff is not to include any exhibits or attachments (i.e. grievance forms, medical request forms, etc.).  ***The recast complaint must be no longer than ten (10) pages in its entirety and further supplements such as amendments, exhibits, affidavits, etc. to that complaint are prohibited unless ordered to do so by the Court.***

### CONCLUSION

Based on the foregoing, Plaintiff's motion to subpoena records (ECF No. 7) is **DENIED** as premature. A review of Plaintiff's motion for a temporary injunction (ECF No. 5) is **DEFERRED** until such time that Plaintiff has fully complied with this order.

Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form following this Court's specific instructions above within **FOURTEEN (14) DAYS** of the date of this Order.   Plaintiff is further **ORDERED** to either pay the $402.00 filing fee or if indigent, file a motion to proceed in forma pauperis on the Court's standard form that includes a certified copy of his inmate account statement for the preceding six months signed by a jail official.   Plaintiff shall have **FOURTEEN (14) DAYS** of the date of this Order to properly address the filing fee as instructed.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff for his use in complying with this order of the Court.

Plaintiff is to notify the Court of any change of address.   **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.**   There shall be no summons, no discovery, nor any service of process upon any Defendant until further order of the Court.

**SO ORDERED and DIRECTED**, this 22nd day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge